IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLEN PETERSON,

Plaintiff,

and

LIBERTY MUTUAL INSURANCE COMPANY,

Involuntary Plaintiff,

v.

GREAT DANE LIMITED PARTNERSHIP
d/b/a GREAT DANE TRAILERS and
ABC INSURANCE COMPANY,

Defendants.

ORDER

07-C-103-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On February 27, 2007, defendant Great Dane Limited Partnership, d/b/a Great Dane Trailers, removed this action from the Circuit Court for Jefferson County, Wisconsin to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332. As the removing party, it was defendant's responsibility to provide information sufficient to show the diverse nature of the parties' citizenship. Unfortunately, neither the notice of removal nor the copy of plaintiff's complaint attached to the notice contains sufficient information to establish with certainty

that diversity jurisdiction exists. Therefore, defendant Great Dane will be given an opportunity to clarify the record.

At the time of removal, defendant Great Dane Limited Partnership asserted that plaintiff Glen Peterson is a "resident" of Wisconsin and that defendant Great Dane "is a foreign business organized under the laws of the State of Delaware with its principal offices located in Chicago, Illinois." Defendant attached a copy of plaintiff's complaint to the notice of removal, in which plaintiff asserts that defendant Great Dane is a foreign business organized under the laws of the state of Delaware with a "primary business address" in Chicago. In addition, plaintiff's complaint alleges that involuntary plaintiff Liberty Mutual Insurance Corporation is a "foreign insurance company" with a primary business address in Boston, Massachusetts. None of these identifications is adequate to establish diversity of citizenship. (Neither party addressed the matter of the citizenship of defendant ABC Insurance company, but that was acceptable. At the time of removal, the citizenship of defendants sued under fictitious names are disregarded. 28 U.S.C. § 1441(a).)

For the purpose of establishing diversity jurisdiction, the court examines the citizenship, not the residency, of individual persons. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also

Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship). Perhaps plaintiff's place of residency and place of citizenship is the same. At the present time, however, all defendants have done is establish plaintiff's residency, which is not enough.

With respect to the defendant, it is true that a corporation is deemed to be a citizen of the state in which it is incorporated and the state in which its principal place of business is located, 28 U.S.C. § 1332(c)(1); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004). However, "the limited partnership has become 'a notorious source of jurisdictional complications,' in which 'mistakes concerning the existence of diversity jurisdiction are most common.'" Hart v. Terminex Int'l., 336 F.3d 541 (7th Cir. 2003) (citing McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) and Market Street Assocs., 941 F.2d 588, 590 (7th Cir. 1991)). This is because the citizenship of unincorporated associations, such as the defendant in this case, must be traced through its partners. Each partner's citizenship must be diverse from the opposing party's citizenship. Thomas v. Guardsmark, LLC, 487 F.3d 531, 533 (7th Cir. 2007). If any partner is itself a partnership, then the citizenship of those partners must be traced as well, through however many layers of partners or members there may be. Meyerson v. Showboat Marina Casino Partnership, 312 F.3d 318 (7th Cir. 2002).

In this case, the defendant noticed its defective jurisdictional statement about itself soon after it filed the notice of removal. In an amended notice of removal, it asserted that it is a partnership "whose general and limited partners are citizens of the states of Illinois, California and Colorado." This is an acceptable assertion of the citizenship of the partnership so long as all the partners are individuals. If they are corporations or other limited partnerships, defendant will have to provide additional information about the citizenship of the corporations or partnerships. In addition, I have some concern that if defendant equated plaintiff's residency with his citizenship, it may have made the same mistake when it undertook to examine the citizenship of its partners. If defendant Great Dane determined the citizenship, and not just the residency, of its partners before concluding that the diversity of citizenship was complete, this court's jurisdiction may be on firm footing. However, if defendant did nothing more than ascertain each partner's state of residency, its inquiry into the partners' citizenship is incomplete.

Next, defendant has not provided the court with any information about the state in which involuntary plaintiff Liberty Mutual Insurance Company was incorporated. It is not enough simply to state that this party is a foreign corporation.

Finally, defendant has not fulfilled its obligation with respect to the diversity statute's amount in controversy requirement. Damages in a diversity action must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Because defendant Great Dane is the

party that removed this action from state court, it has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir.2006). In this case, however, plaintiff provided little information in his complaint about the value of his claims. He says only that he was "injured while attempting to close a door of a trailer" and, as a result of the incident, "suffered physical injuries, endured pain and suffering, lost wages and has incurred medical expenses." In his request for relief, plaintiff seeks "judgment against the defendant in an amount to be determined at trial."

Where, as here, the injury alleged is vague, and no damages have been specified, the removing party must make "a good-faith estimate of the stakes" and the court may accept that estimate "if it is plausible and supported by a preponderance of the evidence." Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006) (citing Rubel v. Pfizer, Inc., 361 F.3d 1016, 1020 (7th Cir. 2004)). The only damages estimate defendant made was in its amended notice of removal where defendant makes the bald and conclusory statement that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Because the statement is not supported by any evidence that plaintiff's damages exceeds $75,000, defendant has not met its burden with respect to the amount in controversy requirement under § 1332.

ORDER

IT IS ORDERED that defendant may have until October 29, 2007, in which to advise the court and plaintiff where plaintiff maintains his citizenship and the state of incorporation of involuntary plaintiff Liberty Mutual Insurance Company, and to submit proof that the amount in controversy exceeds $75,000. In addition, defendant is to review the manner in which it determined the citizenship of the partners in the defendant partnership. If it did not conduct a proper inquiry, it is to do so promptly and confirm its earlier determination, if it can, that the citizenship of each of its partners is diverse from the citizenship of the plaintiffs. If, by October 29, 2007, defendant fails to respond to this order, I will enter an order remanding this action to state court for defendants' failure to make the necessary showing that this court has jurisdiction over the case under the diversity statute.

Entered this 15th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge